## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

REGINALD L. DUNAHUE                                                  **PLAINTIFF**

v.                              **Case No. 2:19-cv-00126 KGB**

JEREMY C. ANDREWS, *et al.*                                          **DEFENDANTS**

### ORDER

The Court held a pretrial conference in this matter on October 18, 2023.  Plaintiff Reginald L. Dunahue appeared at the pretrial conference with his counsel, Dale West.  Neither of the served defendants who currently remain in the case, Myron Rhodes or Ladarius Williams, appeared at the pretrial conference.

The case is currently set for trial the week of December 11, 2023.  At the pretrial conference, the Court discussed several matters with Mr. Dunahue including correspondence that Mr. Dunahue had written to the Court critical of Mr. West's handling of the case.  The Court also discussed with Mr. Dunahue and Mr. West the "2nd amended complaint," filed on September 27, 2023, without permission from the Court (Dkt. No. 144).  Mr. Dunahue clarified with the Court that he wanted the Court to consider the "2nd amended complaint" as a motion for reconsideration of the Court's Order adopting Judge Patricia S. Harris's Proposed Findings and Partial Recommendation ("Recommendation") granting the motions to dismiss and dismissing separate defendants Terrance Akins, Jeremy C. Andrews, Kathy Baxter, Emmer Branch, Kenneth Carlock, Franklin L. Graham, Stacy Roebuck, Justin Wilborn, and Jayree Wynn ("ADC defendants") without prejudice (Dkt. No. 111).  Accordingly, the Clerk of the Court is directed to correct the docket to indicate that Docket No. 144 is Mr. Dunahue's motion for reconsideration of the Court's

Order adopting Judge Harris's Recommendation.  For the following reasons, the Court denies Mr. Dunahue's motion for reconsideration (Dkt. No. 144).

I.      **Background**

Mr. Dunahue brought this case on October 4, 2019, under 42 U.S.C. § 1983, claiming excessive force and retaliation against the ADC defendants and other defendants and asserting a First Amendment retaliation claim against separate defendant Stacy Roebuck arising from events that occurred in June 2018 (Dkt. No. 2).

The ADC defendants moved for an order to compel Mr. Dunahue to comply with discovery requests on December 28, 2020 (Dkt. No. 65).  The Court entered an Order giving Mr. Dunahue the opportunity to respond to the motion to compel, but he did not do so (Dkt. No. 67).  On January 21, 2021, the Court granted the ADC defendants' motion to compel, gave Mr. Dunahue 30 days to respond to the ADC defendants' discovery requests, and notified Mr. Dunahue that his failure to comply could result in sanctions, including dismissal of this case (Dkt. No. 74, at 1-2 (citing Fed. R. Civ. P. 37(b)(2)).

On March 4, 2021, the ADC defendants moved to dismiss Mr. Dunahue's claims based on his failure to comply with the Court's Order that he respond to the ADC defendants' discovery requests (Dkt. No. 82).  Mr. Dunahue filed an affidavit in response claiming that he had not received the discovery propounded by the ADC defendants (Dkt. No. 85).  The ADC defendants filed a reply asserting that counsel had sent Mr. Dunahue several copies of the discovery requests (Dkt. No. 86).  On March 24, 2021, the Court entered an Order giving Mr. Dunahue one last opportunity to respond to the ADC defendants' discovery requests, and the Court warned Mr. Dunahue again that it would recommend dismissal of his claims if he failed to respond by April 15, 2021 (Dkt. No. 87).

The Court received Mr. Dunahue's responses to the ADC defendants' discovery requests on March 29, 2021 (Dkt. No. 89).  The ADC defendants filed a renewed motion to dismiss on April 5, 2021, arguing that Mr. Dunahue's responses were deficient and that he had refused to sign a Medical Records Release Form so that the ADC defendants could obtain his medical records (Dkt. No. 91).  Judge Harris issued a Recommendation in which she recommended that the Court grant the ADC defendants' two motions to dismiss and dismiss Mr. Dunahue's claims against the ADC defendants without prejudice for failure to comply with the Court's Order (Dkt. Nos. 82, 91, 94).

Mr. Dunahue filed a request that the Court deny and strike the ADC defendants' renewed motion to dismiss, and he also filed objections and statements of necessity to Judge Harris's Recommendation (Dkt. Nos. 95, 97).  After careful consideration of the Recommendation, the objections, and a *de novo* review of the record, the Court adopted the Recommendation as its findings in all respects, granted the ADC defendants' motions to dismiss, and dismissed Mr. Donahue's claims against the ADC defendants without prejudice (Dkt. No. 111).

Meanwhile, Mr. Dunahue completed service on two other defendants who were no longer ADC employees, Myron Rhodes and Ladarius Williams (Dkt. Nos. 56, 57, 96).

At the pretrial hearing, Mr. Dunahue clarified that he wants to continue to bring claims against Mr. Rhodes and Mr. Williams.  Also, as set forth above, Mr. Dunahue clarified that he wants the Court to consider the "2nd amended complaint" filed on September 27, 2023, in which Mr. Dunahue seeks to raise claims against dismissed ADC defendants Jeremy Andrews, Franklin Graham, Terrence Atkins, Kenneth Carlock, Justin Wilborn, Jakyree Wynn, and Kathy Baxter, as a motion for reconsideration of the Court's Order adopting Judge Harris's Recommendation (Dkt.

No. 144).[1]  Finally, Mr. Dunahue stated that he wants Mr. West to continue to represent him in this case.

## II.        Motion For Reconsideration

At the pretrial hearing, Mr. Dunahue asked the Court to consider his second amended complaint as a motion to reconsider the Court's Order adopting Judge Harris's Recommendation granting the ADC defendants' motions to dismiss and dismissing the ADC defendants without prejudice (Dkt. No. 144).  This Court acknowledges that a district court has "the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment."  *K.C. 1986 Ltd. P'ship v. Reade Mfg.*, 472 F.3d 1009, 1017 (8th Cir. 2007) (internal quotation marks and citation omitted).   The standard for reconsideration of an interlocutory order is less clear. *Vosdingh v. Qwest Dex, Inc.,* Case No. Civ. 03–4284 ADM/AJB, 2005 WL 1323007, at *1 (D. Minn. June 2, 2005).

Although Federal Rule of Civil Procedure 54(b) states that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties. . . may be revised at any time before the entry of a judgment," some language in  Eighth  Circuit  caselaw  suggests  that motions to reconsider "are  nothing  more  than Rule 60(b) motions when directed at non-final orders."  *Elder–Keep v. Aksamit,* 460 F.3d 979, 984 (8th Cir. 2006) (citing *Anderson v. Raymond Corp.,* 340 F.3d 520, 525 (8th Cir. 2003); *Broadway v. Norris,* 193 F.3d 987, 989 (8th Cir. 1999)).  This language has been characterized by other courts as  *dicta* and  criticized  for  failing  to  recognize  a  district  court's  inherent  authority to reconsider interlocutory orders, authority which as a practical matter a district court needs in

---

[1]  In his motion for reconsideration, Mr. Dunahue does not bring claims against dismissed ADC defendants Stacy Roebuck or Emmer Branch.

order to modify orders in response to the changing circumstances of a lawsuit before it. *Garrett v. Albright,* Case No. 4:06–CV–4137–NKL, 2008 WL 268993, at *2 n.2 (W.D. Mo. Jan. 30, 2008) (Laughrey, J.) (expressing disagreement with *Elder–Keep* ); *Laird v. Stilwill,* 982 F. Supp. 1346, 1354 (N.D. Iowa 1997) (holding that a district court's discretion to amend an interlocutory order is greater than its power to amend a final judgment); *see also Vosdingh,* 2005 WL 1323007, at *1 (observing that "[s]ince this Court owes no deference to itself and knows it makes mistakes, motions to reconsider will be granted and a change made when convinced an error has been made, manifest or not.").

For these reasons, the Court determines that, although the Federal Rules of Civil Procedure do not expressly provide for motions to reconsider, Rule 54(b) encompasses the power to revise an interlocutory order any time prior to the entry of final judgment. *See Thunder Basin Coal Co., L.L.C. v. Zurich Am. Ins. Co.*, Case No. 4:12-CV-231 (CDP), 2013 WL 6410012, at *1 (E.D. Mo. Dec. 9, 2013); *Trickey v. Kaman Indus. Techs. Corp.*, Case No. 1:09-CV-00026 (SNLJ), 2011 WL 2118578, at * 1–2 (E.D. Mo. May 26, 2011); *see, e.g., Jiang v. Porter*, Case No. 4:15-CV-1008 (CEJ), 2016 WL 193388, at *1 (E.D. Mo. Jan. 15, 2016) (applying Rule 54(b) to a motion to reconsider the denial of a motion to dismiss).

Specifically, Rule 54(b) states that:

[A]ny order. . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

Under Rule 54(b), a court may reconsider an interlocutory order to "'correct any clearly or manifestly erroneous findings of fact or conclusions of law.'" *Bancorp Servs., L.L.C. v. Sun Life Assurance Co. of Canada*, Case No. 4:00-CV-1073 (CEJ), 2011 WL 1599550, at *1 (E.D. Mo.

Apr. 27, 2011) (quoting *Jones v. Casey's Gen. Stores*, 551 F. Supp. 2d 848, 854 (S.D. Iowa 2008)); *see Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988).  In particular, a motion to reconsider may be granted if the earlier decision:   "'(1) misunderstood a party, (2) made a decision outside of the adversarial issues, or (3) would be rendered incorrect because of a 'controlling or significant change in law' since the issues were submitted to the Court.'"  *Trickey*, 2011 WL 2118578, at *2 (quoting *Westinghouse Elec. Co. v. United States*, Case No. 4:03-CV-861, 2009 WL 881605, at *4 (E.D. Mo. Mar. 30, 2009)); *see also Pet Quarters, Inc. v. Ladenburg Thalmann and Co.,* Case No. 4:04-CV-00697-BRW, 2011 WL 1135902, at *1 (E.D. Ark. Mar. 28, 2011) (reasoning that an "intervening change in the controlling law is a recognized ground for granting a motion for reconsideration").

A motion to reconsider under Rule 54(b), however, is "not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending."  *Julianello v. K-V-Pharm. Co.*, 791 F.3d 915, 923 (8th Cir. 2015); *see also Evans v. Contract Callers, Inc.*, Case No. 4:10-CV-2358 (FRB), 2012 WL 234653, at *2 (E.D. Mo. Jan. 25, 2012) ("Although the Court has the power to revisit prior decisions of its own. . . in any circumstance, [it] should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." (internal quotation marks and citation omitted; formatting in original)).

Finally, "when evaluating whether to grant a motion to reconsider, the Court also has an interest in judicial economy and ensuring respect for the finality of its decisions, values which would be undermined if it were to routinely reconsider its interlocutory orders."  *Trickey*, 2011 WL 2118578, at *2 (citing *Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco and Specialty Co.*, Case No. 3:09-CV-5078 (DGK), 2010 WL 3522476, at *1 (W.D. Mo. Sept. 2, 2010)).

In his motion to reconsider, Mr. Dunahue seeks to bring back into the lawsuit in their official and individual capacities Warden Jeremy Andrews, Lieutenant Franklin Graham, Terrence Akins, Kenneth Carlock, Justin Wilborn, Jakyree Wynn, and Kathy Baxter, seven of the nine ADC defendants that the Court dismissed from the lawsuit when it entered its Order adopting Judge Harris's Recommendation (Dkt. No. 144, ¶¶ 1-7).   As grounds for reconsideration at the pretrial hearing, Mr. Dunahue argued that he answered the ADC defendants' discovery the best that he could with the documents that he was allowed to have and that it was not his fault that the ADC defendants were not satisfied with his responses.   Judge Harris's Recommendation considered Mr. Dunahue's discovery responses, which she found to be deficient based upon the length of time the claims were pending (Dkt. No. 94, at 3-5).   Judge Harris also considered Mr. Dunahue's reference in several of his responses to his medical records as inadequate given that Mr. Dunahue refused to sign a release for medical records to the ADC defendants (Dkt. No. 94, at 5).   The Court considered Judge Harris's Recommendation along with Mr. Dunahue's objections to Judge Harris's Recommendation that he "aptly responded to all discovery requests" before the Court adopted the Recommendation (Dkt. No. 111, at 3-4).   In his motion for reconsideration, Mr. Dunahue has not established that the Court made any clearly erroneous findings of fact or conclusions of law in its Order adopting Judge Harris's Recommendation granting the ADC defendants' motions to dismiss and dismissing the ADC defendants without prejudice (Dkt. No. 111).   Accordingly, the Court denies Mr. Dunahue's motion for reconsideration (Dkt. No. 144).

### III.   Motion To Withdraw

Also pending before the Court is Mr. West's motion to withdraw as counsel for Mr. Dunahue (Dkt. No. 149).  Mr. West states that it is clear from the correspondence that Mr. Dunahue wrote to the Court that he does not want Mr. Dunahue as his counsel, and he moves to withdraw

(*Id*.).  For good cause shown, the Court grants Mr. West's motion to withdraw and relieves Mr. West as counsel for Mr. Dunahue in this matter (Dkt. No. 149).

Pursuant to Lee Deken Short's appointment on the CJA panel and Local Rule 83.7, Mr. Short of the Short Law Firm, 425 West Broadway, Suite A, North Little Rock, Arkansas, 72114, is appointed to represent Mr. Dunahue in all further proceedings in this action.  The Clerk of the Court is directed to enter Mr. Short as attorney of record for Mr. Dunahue and shall send counsel the following:  (1) a copy of this order: (2) a copy of Local Rule 83.7: and (3) a copy of the docket sheet.  Mr. Short is also advised to review the transcript from the most recent hearing in this matter. Mr. Short will be provided with a copy of the case file.

### IV.     Conclusion

The Clerk of the Court is directed to correct the docket to reflect that Docket No. 144 is Mr. Dunahue's motion for reconsideration of the Court's Order adopting Judge Harris's Recommendation granting the ADC defendants' motions to dismiss and dismissing the ADC defendants without prejudice.  The Court determines that Mr. Dunahue has not come forward with any clearly or manifestly erroneous findings of fact or conclusions of law relating to the Court's adoption of Judge Harris's Recommendation granting the ADC defendants' motions to dismiss and dismissing the ADC defendants.  Accordingly, and the Court denies Mr. Dunahue's motion for reconsideration of its Order adopting Judge Harris's Recommendation granting the ADC defendants' motions to dismiss and dismissing the ADC defendants without prejudice (Dkt. No. 144).  The Court grants Mr. West's motion to withdraw and relieves Mr. West as counsel for Mr. Dunahue in this matter (Dkt. No. 149).  The Court appoints Mr. Short to represent Mr. Dunahue in all further proceedings in this action.

It is so ordered this the 6th day of November, 2023.

_____
Kristine G. Baker
United States District Judge