## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### DELTA DIVISION

REGINALD L. DUNAHUE
ADC #106911                                                                                    PLAINTIFF

v.                                            Case No. 2:19-cv-00126 KGB

JEREMY C. ANDREWS, *et al.*                                                      DEFENDANTS

### ORDER

Before the Court are plaintiff Reginald L. Dunahue's petition for attorneys' fees (Dkt. No. 251) and application for reimbursement of expenses under Local Rule 83.6 (Dkt. No. 253). No defendant has responded to the motions, and the time for doing so has passed. For the following reasons, Dunahue's petition for attorneys' fees is granted (Dkt. No. 251), and Dunahue's application for reimbursement of expenses is granted, in part, and denied, in part (Dkt. No. 253).

### I.       Background

On June 18, 2018, Dunahue filed a *pro se* complaint under 42 U.S.C. § 1983 (Dkt. No. 2). The Court later appointed Alexander T. Jones to represent Dunahue (Dkt. No. 156).

On June 17, 2024, the Clerk entered a Clerk's default against defendant Myron Rhodes (Dkt. No. 181), and on August 9, 2024, the Court entered a default judgment, reserving for trial the amount of damages to be awarded against Mr. Rhodes (Dkt. No. 212). On January 6, 2025, the Court entered default judgment against defendant Ladarius Williams after determining that it was an appropriate sanction for Mr. Williams's failure to answer timely the amended complaint and to appear for his properly noticed deposition as required by the Federal Rules of Civil Procedure (Dkt. No. 239, at 20-21). The Court reserved for trial the amount of damages to be awarded against Mr. Williams (*Id.*, at 21).

On January 17, 2025, the Court held a hearing on damages (Dkt. No. 241).  Mr. Rhodes and Mr. Williams both received notice of the hearing but did not appear (Dkt. Nos. 241; 243; 245). On March 17, 2025, the Court awarded Dunahue Default Judgment against Rhodes and Williams, joint and severally, in the amount of $1,000.00, with post judgment interest at a rate of 4.04% per annum from the date of the Judgment until paid in full.

Dunahue filed a petition seeking attorneys' fees in the amount of $1,500.00, and an application for reimbursement of costs in the amount of $4,136.52 (Dkt. No. 251, ¶¶ 7, 9). Dunahue's application for reimbursement of costs under Local Rule 83.6 seeks reimbursement for the following expenses incurred while he was an attorney with both Wright, Lindsey, and Jennings LLP and Kutak Rock LLP:

**Wright, Lindsey, Jennings LLP**

| | | |
|---|---|---|
| Wellpath, LLC Medical Records | May 2, 2024 | $.64 |
| Travel to EARU | May 23, 2024 | $151.42 |
| Wellpath, LLC Medical Records | June 19, 2024 | $77.00 |
| Rhodes Deposition Transcript | July 19, 2024 | $814.00 |
| Dexter Payne Subpoena | July 31, 2024 | $93.87 |
| Dexter Payne Subpoena | August 9, 2024 | $176.03 |
| **Total** | | **$1,312.96** |

**Kutak Rock LLP**

| | |
|---|---|
| Postage | $41.57 |
| Legal Research | $76.31 |
| Scans | $93.80 |
| Reproduction Costs | $400.80 |

| | | |
|---|---|---|
| Pacer Fees | | $118.90 |
| Miscellaneous | | $22.40 |
| Williams Statement of Nonappearance | October 4, 2024 | $300.00 |
| William Straughn and James Dycus Depositions | November 8, 2024 | $1,514.30 |
| Travel to EARU | November 19, 2024 | $151.42 |
| Travel to Varner Unit | March 21, 2025 | $104.02 |
| **Total** | | **$2,823.56** |
| **Grand Total** | | **$4,136.52** |

## II.     Analysis

### A.     Attorneys' Fees

A plaintiff who prevails on a claim under 42 U.S.C. § 1983 may recover reasonable attorney's fees under 42 U.S.C. § 1988.  When the plaintiff is a prisoner, any fee award is limited by the Prison Litigation Reform Act ("PLRA").  *See* 42 U.S.C. § 1997e(d).  For court-appointed counsel, no award of attorneys' fees can exceed 150% of the monetary damages awarded.  *See Royal v. Kautzky*, 375 F.3d 720, 725 (8th Cir. 2004) ("the PLRA allows an award of attorney fees for 150 percent of the damages award"); *see also Eoff v. Mallett*, Case No. 5:18-CV-00144-BSM, 2021 WL 5614766, at *1 (E.D. Ark. Nov. 30, 2021), *aff'd*, Case No. 21-3158, 2022 WL 17366467 (8th Cir. Dec. 2, 2022).

The PLRA provides:

Whenever a monetary judgment is awarded in an action [brought by a prisoner in which attorney fees are authorized], a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant.  If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.

42 U.S.C. § 1997e(d)(2).  The 150% limit applies even when the plaintiff recovers only nominal damages.  *See Keup v. Hopkins*, 596 F.3d 899, 905 (8th Cir. 2010).

Here, Dunahue requests an attorneys' fee award of $1,500.00, which is 150% of the $1,000.00 judgment awarded by the Court in compensatory damages (Dkt. No. 248).  Accordingly, the Court grants Dunahue's petition for attorneys' fees and awards Dunahue attorneys' fees in the amount of $1,500.00 pursuant to 42 U.S.C. § 1997e(d)(2).

### B.    Reimbursement Of Expenses

Dunahue also seeks reimbursement of expenses both under Rule 83.6 of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas and 28 U.S.C. § 1915 (Dkt. No. 253).  Local Rule 83.6 and its policy guidelines govern reimbursement for out-of-pocket expenses.  The policy guidelines make it clear that, *before* Jones "expends an amount above $500.00, for which [he] intends to seek reimbursement from [the Court's Library Fund]," he must first submit a written application to the Court for approval.  *Id.*  All such applications must contain, among other things:  "[a] detailed itemization of all costs and expenses for which the disbursement or expenditure is requested; and [a] brief explanation of how the requested disbursement or expenditure complies with the guidelines and policies established by the Court for disbursement from the [Library Fund]."  *Id.*

On two occasions, Jones sought pre-approval to incur expenses in excess of $500.00 in order to comply with Local Rule 83.6.  The Court, in an Order dated June 18, 2024, granted a motion for approval for out-of-pocket expenses filed by Jones and granted Jones permission to incur expenses to take the depositions of Rhodes and Williams, the two remaining defendants in the case, at a cost of approximately $2,330.00 (Dkt. No. 183).  Accordingly, the Court approves Dunahue's request for reimbursement of expenses for Williams's statement of nonappearance

($300.00) and Rhodes's deposition transcript ($814.00) to be paid out of the Court's Library Fund (*See* Dkt. No. 183).

Further, in an application for approval of expenses to take depositions filed September 27, 2024, Jones notified the Court that he desired to take the deposition of the appropriate designee(s) of the Arkansas Department of Correction pursuant to Federal Rule of Civil Procedure 30(b)(6) on several topics described in Schedule A to the notice of deposition (Dkt. No. 221-1) and that the total cost would be approximately $1,000.00 (Dkt. No. 221).  The Court granted the motion, and pursuant to the Court's Order, Jones deposed ADC employees Straughn and Dycus at the cost of $1,514.30.   Accordingly, the Court approves Dunahue's request for reimbursement for the transcripts of Straughn and Dycus's depositions ($1,514.30) to be paid out of the Court's Library Fund (*See* Dkt. No. 223).

Local Rule 83.6 does not require pre-approval for expenses falling below the $500.00 level but does require a "detailed itemization" of all costs and expenses and an "explanation of how the requested disbursement or expenditure complies with the guidelines and policies established by the Court for disbursement from the [Library Fund]."  Rule 83.6 of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas.  Under Federal Rule of Civil Procedure 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party."  Under the PLRA, "[j]udgment may be rendered for costs at the conclusion of the suit or action as in other proceedings."  28 U.S.C. § 1915(f)(1).  Under 28 U.S.C. § 1920, "[a] judge or clerk of any court of the United States may tax as costs the following:

> (1)    Fees of the clerk and marshal;
>
> (2)    Fees for printed or electronically recorded transcripts necessarily obtained
>         for use in the case;

5

(3)     Fees and disbursements for printing and witnesses

(4)     Fees for exemplification and the costs of making copies of any materials
where the copies are necessarily obtained for use in the case;

(5)     Docket fees under section 1923 of this title;

(6)     Compensation of court appointed experts, compensation of interpreters, and
salaries, fees, expenses, and costs of special interpretation services under
section 1828 of this title.

28 U.S.C. § 1920. The United States Supreme Court has explained that "[a] statute awarding 'costs' will not be construed as authorizing an award of litigation expenses beyond the six categories listed in §§ 1821 and 1920, absent an explicit statutory instruction to that effect." *Rimini St., Inc. v. Oracle USA, Inc.*, 586 U.S. 334, 340–41 (2019) (citing *Arlington Central School Dist. Bd. of Ed. v. Murphy*, 548 U.S. 291 (2006)).

Accordingly, the Court will approve reimbursement of Jones's subpoena costs, medical records costs, reproduction costs, and necessary travel expenses incurred while representing Dunahue. *See* 28 U.S.C. § 1920; *see also Sturgill v. United Parcel Serv., Inc.,* 512 F.3d 1024, 1036 (8th Cir. 2008) (determining that travel expenses are a reasonable out-of-pocket expense incurred by an attorney which is normally charged to a fee-paying client and thus is a recoverable cost under § 1920); *Sphere Drake Ins. PLC v. Trisko*, 66 F. Supp. 2d 1088, 1093 (D. Minn. 1999), *aff'd,* 226 F.3d 951 (8th Cir. 2000) (determining that photocopying expenses can be recovered under § 1920(4)).

While expenses for computerized research are not a specific taxable cost listed in 28 U.S.C. § 1920, costs for computerized legal research are a common litigation expense for which a law firm would normally bill its clients. *Hernandez v. Bridgestone Americas Tire Operations, LLC*, 831 F.3d 940, 950 (8th Cir. 2016) ("[Computerized legal research] is now a common

litigation expense, and it may be reimbursable.") (citations omitted); *see Sturgill*, 512 F.3d at 1036 (awarding costs for "reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee paying client."). The Court will award Jones costs for his PACER and legal research costs.

However, the Court will not reimburse Dunahue's postage expenses. *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006) (finding that § 1920 does not authorize taxing for postage and delivery expenses). The Court will also not reimburse "miscellaneous" expenses because the Court finds that this item lacks specificity. Finally, the Court will not reimburse Jones for "scans" because the Court is not aware of a significant amount of e-discovery in this case that would require costs associated with scanning documents and reproducing ESI. *See Little Rock Cardiology Clinic, PA v. Baptist Health*, 591 F.3d 591 (8th Cir. 2009) (determining that it would not reach the issue of whether costs for scanning documents and reproducing ESI were taxable under § 1920(4) because it was not aware of a decision requiring a district court to tax discovery-related expenses); *but see B & B Hardware, Inc. v. Fastenal Co.*, Case No. 4:10-CV-00317-SWW, 2011 WL 6829625, at *7 (E.D. Ark. Dec. 16, 2011), *aff'd,* 688 F.3d 917 (8th Cir. 2012) (determining that recovery of costs for scanning was appropriate under the circumstance "[g]iven the extensive e-discovery that Fastenal was required to conduct" and "the costs of providing ESI where the opposing party requested that responsive documents be produced in certain electronic formats").

In sum, having considered Jones's application for reimbursement pursuant to the guidelines and policies of the Library Fund, the Court determines that Jones is entitled to reimbursement of the following expenses from the Library Fund in the following amounts:

**Wright, Lindsey, Jennings LLP**

| | | |
|---|---|---|
| Wellpath, LLC Medical Records | May 2, 2024 | $.64 |
| Travel to EARU | May 23, 2024 | $151.42 |
| Wellpath, LLC Medical Records | June 19, 2024 | $77.00 |
| Rhodes Deposition Transcript (Dkt. No. 183) | July 19, 2024 | $814.00 |
| Dexter Payne Subpoena | July 31, 2024 | $93.87 |
| Dexter Payne Subpoena | August 9, 2024 | $176.03 |
| **Total** | | **$1,312.96** |

**Kutak Rock LLP**

| | | |
|---|---|---|
| Reproduction Costs | | $400.80 |
| Legal Research | | $76.31 |
| Pacer Fees | | $118.90 |
| Williams Statement of Nonappearance (Dkt. No. 183) | October 4, 2024 | $300.00 |
| William Straughn and James Dycus Depositions (Dkt. No. 223) | November 8, 2024 | $1,514.30 |
| Travel to EARU | November 19, 2024 | $151.42 |
| Travel to Varner Unit | March 21, 2025 | $104.02 |
| **Total** | | **$2,665.75** |
| **Grand Total** | | **$3,978.71** |

### III.   Conclusion

The Court grants Dunahue's petition for attorneys' fees (Dkt. No. 251) and awards Dunahue $1,500.00 in attorneys' fees.  The Court will amend the judgment to reflect this award. The Court also grants the application for reimbursement of expenses under Local Rule 83.6 (Dkt. No. 253).  The Court directs the Clerk of the Court to disburse money from the Library Fund in

the amount of $3,978.71 and distribute it to Alexander T. Jones.  A copy of this Order, together

with the application, shall be placed in the Library Fund file maintained by the Clerk of the Court.

It is so ordered on this 23rd day of February, 2026.

_____
Kristine G. Baker
Chief United States District Judge